JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUN 27 1971
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CROSS-FLORIDA BARGE CANAL LITIGATION )
)
*Environmental Defense Fund, Inc., et al.* )
*v. Corps of Engineers of the United States* )
*Army, et al.*, District of Columbia, No. )
2655-69 Civil )   DOCKET NO. 70
)
*The Canal Authority of the State of Florida,* )
*etc., et al. v. Stanley R. Resor, et al.,* )
Middle District of Florida, No. 71-92 Civ.-J )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND
STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

These two cases, pending in different districts, present legal issues arising out of the construction of the Cross-Florida Barge Canal across the northern portion of Florida, connecting the Atlantic Ocean and the Gulf of Mexico. The Secretary of the Army, the Chief Engineer of the United States Corps of Engineers, the Chairman of the Council on Environmental Quality and several other government officials, all defendants in these actions, have moved for section 1407 pretrial proceedings.

The first action was filed by the Environmental Defense Fund in 1969 in the District of Columbia and seeks to enjoin the defendants from proceeding further with the construction of the canal because of the resulting irrevocable damage to the environment and the alleged violation of numerous federal statutes

in its construction. After a hearing, the district court denied the defendants' motion to dismiss and orally granted the plaintiffs' motion for a preliminary injunction to stop certain aspects of the construction. Before these orders were entered the President of the United States, pursuant to the advice of the Council on Environmental Quality, ordered the suspension of further construction of the Canal. The Canal Authority of the State of Florida, the local sponsor of the project, then moved to intervene in the District of Columbia action alleging that as a result of the President's order the federal defendants were no longer able to defend the Canal project.

Prior to the granting of that motion, the Canal Authority filed the second action in the Middle District of Florida against substantially the same defendants, alleging that the Presidential Press Release was void and of no effect and that the President could not override the will of Congress as expressed in the authorization of the Canal Project. In this action the Canal Authority seeks to enjoin the defendants from carrying out the President's order to halt construction and alleges that the recommendation of the President's Council on Environmental Quality is in violation of the National Environment Policy Act of 1969, 42 U.S.C.A. §4321 *et seq.*, and the Public Information Act, 5 U.S.C.A. §552.

The defendants assert that extensive common questions of fact are raised by these actions. The Florida action, which is directed to the validity of the Presidential Order, is said to raise questions

of fact concerning the information obtained by the Council on Environmental Quality, the advice given by the Council, the facts considered by the President, the action taken by the President, the consequences of the President's action, and general questions concerning Executive Power to alter or terminate a Congressional project. The defendants reason that the same questions are presented, at least preliminarily, in the District of Columbia action. At argument of the motion the Canal Authority and the City of Jacksonville somewhat reversed their earlier positions and agreed with the defendants that the two cases should be transferred. The Environmental Defense Fund was also of the opinion that the ecological questions raised in both cases provided a sufficient basis for transfer.

We agree with the parties that these cases are appropriate for section 1407 pretrial proceedings. Although the legal issues raised in the two actions are distinguishable, it is clear that there are many ecological questions of fact which will be common to both actions. In determining the validity of the Presidential Press Release it will be necessary to investigate the ecological background for the President's decision. Similarly, in the District of Columbia action, extensive discovery in ecological areas will be required by the Fund's allegations that the Canal Project is in violation of the National Environmental Policy Act and other similar federal legislation. Pretrial coordination or consolidation will eliminate the likelihood of repetitive discovery in

- 4 -

these areas, serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation.

The parties disagree as to the appropriate situs for coordinated or consolidated pretrial proceedings. The defendants suggest that much of the discovery will be centered in the District of Columbia. They do not request transfer to that district, however, but to an adjacent district with a more favorable calendar condition. The Environmental Defense Fund favors the District of Columbia. It asserts that Judge Barrington Parker, to whom the Fund's action has been assigned, has developed a familiarity with this litigation as the result of the pretrial proceedings before him and that all parties to the dispute have appeared in the District of Columbia action.

Although there is some merit to the Fund's arguments, there are stronger reasons for transfer to the Middle District of Florida. The engineers who planned the project are there. The majority of witnesses expected to testify on the ecological issues are also located there. And, most importantly, the Canal itself is there. The focus of this litigation is clearly in the Middle District of Florida and with the consent and cooperation of all concerned, Senior Circuit Judge Harvey M. Johnsen has been assigned to the Middle District of Florida pursuant to 28 U.S.C. §294(d) to process this litigation.

- 5 -

IT IS THEREFORE ORDERED that the above action now pending in the District of Columbia is hereby transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1407. With the written consent of that court, both actions are hereby assigned to the Honorable Harvey M. Johnsen for coordinated or consolidated pretrial proceedings.